IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) **CRIMINAL NO. 8-135** |
| TAVIUS SMITH, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

AMBROSE, United States Senior District Judge

## MEMORANDUM ORDER OF COURT

### I. Introduction

Tavius Smith ("Smith") has filed a Motion for Release / Reduced Sentence Pursuant to CARES and / or First Step Act. (ECF 127) He seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. 3582(c)(1)(A)(i). Smith contends that his medical conditions render him particularly susceptible to the COVID-19 virus while incarcerated. The Government has filed a Response. (ECF 132) Conceding that Smith's Motion is ripe for consideration, it contests allegations that his medical condition gives rise to "extraordinary and compelling reasons" and argues both that the Defendant remains a danger to the community and that the factors identified in 18 U.S.C. § 3553(a) mandate a denial of the Motion. After careful consideration of the submissions, and for the reasons set forth below, the Motion is denied.

### II. Background

On March 19, 2008, a grand jury returned a one-count indictment at Criminal No. 08-135 charging Smith with possession of a firearm by a convicted felon in violation of 18 U.S.C. 922(g)(1). He pled guilty on June 8, 2009 pursuant to a written plea agreement. On that same date, pursuant to the same written plea agreement, Smith waived his right to indictment and

1

entered a guilty plea to a two-count information at Criminal No. 9-188 charging him at Count One with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. 846, and at Count Two with money laundering, in violation of 18 U.S.C. 1957(a).

The charges at Criminal No. 8-135 and at Criminal No. 9-188 arose from an investigation by the Organized Crime Drug Enforcement Task Force. The investigation of Smith was part of a long-term investigation of cocaine and crack cocaine trafficking in the Mon Valley region. Approximately 15 warrants were executed on February 19, 2008 pursuant to which the agents discovered and seized $250,000 in cash from Smith's residence and car, together with a hydraulic press, scales, kilogram wrappers, ballistic vests, and plastic baggies containing cocaine residue. Search warrants executed at Smith's mother's house yielded three firearms that Smith admitted belonged to him.

Smith was sentenced by The Honorable Gustave Diamond on October 21, 2009 to a term of 262 months of imprisonment at Count One of Criminal No. 9-188, and 120 months at each of Count One of Criminal No. 8-135 and Count Two of Criminal No. 9-188, all to be served concurrently, to be followed by a term of five years of supervised release. (See Criminal No. 8-135, Docket No. 66 and Criminal No. 9-188, Docket No. 12)

Having served approximately 130 months in prison, Smith filed the instant motion. However, he filed it only at Criminal No. 8-135 and makes no mention in his motion of the sentence imposed at Criminal No. 9-188. As stated above, the plea agreement that Smith signed pertained to both cases. His expected release date is October 2026

**III. Analysis**

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons could seek a reduction of sentence. *United States v. Handerhan*, 789 Fed. Appx. 924, 925 (3d Cir. 2019). Section 603(b) of the First Step Act, entitled "Increasing the Use and Transparency of Compassionate Release," permitted prisoners the right to file compassionate release motions

with the court "so long as they first ask the BOP to file a motion on their behalf and then either

exhaust the BOP's administrative appeal process or wait 30 days, whichever comes first." *United

States v. Somerville*, 12cr225, 2020 WL 2781585, at * 2 (W.D. Pa. May 29, 2020), *citing* 18 U.S.C.

§ 3582(c)(1); First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). The First Step Act

thus  empowers criminal defendants to request compassionate release for "extraordinary and

compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). The statute provides that:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a
> term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons,
> > > or upon motion of the defendant after the defendant has fully
> > > exhausted all administrative rights to appeal a failure of the Bureau
> > > of Prisons to bring a motion on the defendant's behalf or the lapse
> > > of 30 days from the receipt of such a request by the warden of the
> > > defendant's facility, whichever is earlier, may reduce the term of
> > > imprisonment (and may impose a term of probation or supervised
> > > release with or without conditions that does not exceed the
> > > unserved portion of the original term of imprisonment), after
> > > considering the factors set forth in section 3553(a) to the extent
> > > that they are applicable, if it finds that—
> > >
> > > > (i)      extraordinary and compelling reasons warrant such
> > > >          a reduction….
> > >
> > > And that such a reduction is consistent with the applicable
> > > policy statements issued by the Sentencing Commission….

18 U.S.C. §3582(c)(1)(A). The Government concedes that the Defendant has exhausted his

administrative remedies.[1]  Consequently, I turn to a consideration of whether the Defendant has

established "extraordinary and compelling reasons" in support of compassionate release.

The Sentencing Commission issued a policy statement related to § 3582(c)(1)(A). It

provides, in part, that: "the court may reduce a term of imprisonment … if, after considering the

factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines

that – (1)(A) extraordinary and compelling reasons warrant the reduction; … (2) the defendant is

---

[1] Docket No. 132, p. 4-5.

not a danger to the safety of any other person or to the community…; and (3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The Application Notes to the policy statement recognize that "extraordinary and compelling reasons" may exist based on the defendant's medical condition. That is, extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition, which substantially diminishes his ability to provide self-care within the correctional facility and from which he is not expected to recover. U.S.S.G. 1B1.13, Cmt., App. Note 1.  Here Smith contends that he suffers from diabetes, which renders him at great risk of COVID-19. (Docket No. 127, p. 20) Yet Smith does not identify whether his diabetes is Type I or Type II, nor does he provide any medical records supporting his assertion. In contrast, the Government has supplied Smith's medical records which refute a claim of diabetes. The extensive medical records reveal that Smith has been treated for numerous medical conditions during his time with the Bureau of Prisons but none of those conditions involve diabetes. Further, in 2016 and 2017 Smith "denied" diabetes. Docket No. 135, p. 32, 135-1 p. 25. Given that there is no documented history of diabetes and that Smith doesn't offer any other extraordinary and compelling reason that would warrant a reduction in the sentence, I find that he has not met his burden in this regard.

Even if he had, I would deny the requested relief. Smith must also demonstrate that he is not a danger to the safety of a person or to the community and that the factors set forth in section 3553(a) warrant a reduction in the Defendant's sentence. Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; and the need to avoid unwarranted sentence disparities. 18 U.S.C. 3553(a). After careful consideration, I agree with the Government that such considerations mandate the denial of the request for relief.

The underlying criminal conduct is serious. Smith was part of a large-scale drug distribution conspiracy. He also admitted to possessing three firearms as a convicted felon. Further, as evidenced by the Presentence Report, Smith's criminal history is extensive and

4

demonstrates that  Smith continued to engage in criminal activity while on bond or on supervision. Additionally, the Defendant faced a much greater sentence given his criminal history category but was sentenced at the lowest end of the guideline range. He has more than 6 years left to serve. The remaining amount of time on the Smith's sentence is not insignificant and such a reduction in sentence would not reflect the nature and seriousness of the crime.

The Court notes that Smith has a supportive family ready to welcome and support him. The Court also recognizes the  risk Smith faces during this pandemic. Nevertheless, the application of the considerations set forth above, on balance, weigh against granting the pending Motion. A court must impose a sentence that is sufficient, but not greater than necessary. The original sentence imposed met this requirement.  These factors compel me to find that the original sentence imposed remains necessary.

THEREFORE,  this 26th day of October, 2020, it is ordered that Defendant's Motion for A Reduction in Sentence (ECF 127) is DENIED.

BY THE COURT:

_Donetta F. Ambrose_

Donetta W. Ambrose
United States Senior District Judge